IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADRIAN ANTHONY ALLEYNE, :
    Petitioner, : CIVIL NO. 4:07-CV-871
 :
v. : (Judge Jones)
 :
GERALD L. ROZUM, et al., :
    Respondents. :

## MEMORANDUM

May 21, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Adrian Anthony Alleyne ("Petitioner" or "Alleyne"), an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania ("SCI-Somerset"), filed this pro se Petition for Writ of Habeas Corpus ("Petition") seeking relief pursuant to 28 U.S.C. § 2254. The required filing fee has been paid. Named as Respondents are SCI-Somerset Superintendent Gerald L. Rozum ("SCI-Somerset Superintendent Rozum"), the Attorney General of Pennsylvania, and the Pennsylvania Board of Probation and Parole ("Parole Board").

Alleyne's Petition does not contest the legality of his 2002 state conviction or sentence, which occurred in the Philadelphia County, Pennsylvania Court of Common Pleas. Rather, his action claims entitlement to federal habeas corpus relief on the grounds that the Parole Board exceeded its power by altering his judicially imposed

sentence. Specifically, Alleyne alleges that the Parole Board violated his rights under the Fourteenth Amendment because he was "entitled to have his time spent in custody credited against his new sentence" rather than his parole violation term. (Rec. Doc. 2 at 2). As relief, Petitioner is apparently seeing a recomputation of his new sentence.

**DISCUSSION:**

It has been recognized that an application for habeas corpus relief under § 2254 "made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts" is properly filed either in the district court for the district "wherein such person is in custody" or in the district court for the district "within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Thus, each of those district courts shall have concurrent jurisdiction to entertain the application. See id.

Alleyne's sentence was imposed by the Philadelphia County Court of Common Pleas, which is located within the United States District Court for the Eastern District of Pennsylvania. However, his present Petition does not challenge the legality of either his conviction or sentence. Moreover, Petitioner is presently confined at SCI-Somerset, which is within the jurisdiction of the United States District Court for the Western District of Pennsylvania. Additionally, the only proper Respondent in this § 2254 proceeding appears to be Petitioner's custodial official, which in this case is

SCI-Somerset Superintendent Rozum. Further, it seems likely that the relevant records regarding Petitioner's present assertion of improper sentence calculation are located or readily accessible at his present place of confinement.

A court may transfer any civil action in the interest of justice, to any district where the action could have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought.

Because Petitioner is currently confined at SCI-Somerset, the Western District of Pennsylvania is a more convenient forum within which to answer the question of whether Alleyne's service of his ongoing state incarceration has been properly computed. Pursuant to § 1404(a), this matter will be transferred to the Western District of Pennsylvania. An appropriate Order shall issue.